# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA CIBORT,

               *Plaintiff,*

    v.

CAPITAL BLUE CROSS,

               *Defendant.*

CIVIL ACTION
NO. 18-0443

**PAPPERT, J.**                                                                            **June 18, 2018**

## MEMORANDUM

    Pamela Cibort sued her previous employer Capital BlueCross under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.*  Cibort, a resident of Bressler, Dauphin County, Pennsylvania, worked for CBC as an Accounts Payable Clerk at its principal place of business and headquarters in Harrisburg, Pennsylvania.  Cibort alleges that she was subjected to a hostile work environment, refused a reasonable accommodation, and ultimately fired by CBC due to her age and mental disabilities.  CBC moves to transfer the case to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a).  The Court grants the Motion for the reasons that follow.

I

    Under 28 U.S.C. § 1404(a), the Court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]"  28 U.S.C. § 1404(a).  The purpose of

transferring venue under § 1404(a) "'is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Madrazo v. Welcome Hotel Grp., LLC*, No. 18-0427, 2018 WL 1942369, at *1 (E.D. Pa. Apr. 25, 2018) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). While transfer motions should not be liberally granted, *Lomanno v. Black*, 285 F. Supp. 2d 637, 643 (E.D. Pa. 2003) (quoting *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998)), the Court has "broad discretion" to determine whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The movant bears the burden of establishing the need for transfer. *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 505 (E.D. Pa. 2015) (citing *Jumara*, 55 F.3d at 879).

Courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citation and internal quotation marks omitted). This includes consideration of both the relevant private and public interests. *Id*. The private interests include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *See id*. The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious, or inexpensive; (3) the

congestion of the court's docket; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any applicable state law. *Id.* at 879–80.

## II

The convenience of the parties and the interests of justice necessitate transfer to the Middle District of Pennsylvania. Venue is proper in the Middle District under 28 U.S.C. § 1391(b) as both CBC's principal place of business is located there, and all or substantially all of the acts giving rise to Cibort's complaint occurred in the Middle District. (Mot. to Transfer, Ex. A "Hull Aff." at ¶¶ 3, 9, 10.) Further, both the private and public factors weigh in favor of transfer.

## A

CBC prefers the Middle District because it is the more convenient forum for the parties[1] and the majority of the likely witnesses. Cibort's claims arose out of her employment with CBC. (*See* Compl.; Hull Aff. ¶¶ 3, 9, 10.) Both Cibort and CBC reside in the Middle District and Cibort worked in the defendant's Harrisburg office. (*See* Compl.; Hull Aff. ¶ 3.) All of the individuals named in the Complaint worked in the Harrisburg office and the majority live in central Pennsylvania. (Hull Aff. ¶¶ 10, 12.) All or substantially all of CBC's alleged discriminatory conduct occurred in the Middle District. (*See* Compl.; Hull Aff. ¶¶ 3, 9, 10.) "When the vast majority of the acts giving rise to plaintiff's claim take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, No. 09–2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) (citation omitted); *see also In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006

---

[1] Although Cibort lives only five miles from the District Court for the Middle District of Pennsylvania (*see* Hull Aff. ¶ 13), she states that she is willing to travel to the Eastern District and is not inconvenienced by the distance. (Pl.'s Resp. at 2.)

WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006) ("Typically the most appropriate venue is where a majority of events giving rise to the claim arose.").

Cibort's only response to CBC's Motion is that she filed suit in the Eastern District because she "reasonably fears that any jury pool from the Middle District would be infected with potential bias" in favor of CBC due to its "shining light" in the community. (Pl.'s Resp. at 8.) Although a plaintiff's choice of forum is typically accorded great deference, *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989), that choice "'is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred.'" *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 16-3594, 2016 WL 5167536, at *2 (E.D. Pa. Sept. 21, 2016) (quoting *Cable v. Allied Interstate, Inc.*, No. 12-0096, 2012 WL 1671350, at *3 (E.D. Pa. 2012)); *see also Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp. 2d 654, 660 (D.N.J. 2008) (granting motion to transfer employment discrimination case to forum where plaintiff resided and where the conduct giving rise to the complaint occurred, despite plaintiff's choice of a different forum). The slight weight accorded to Cibort's choice of forum is outweighed by the other relevant private factors.

Further, Cibort's alleged concerns about a fair trial are unwarranted. She cites a few articles of positive media coverage of CBC and the fact that the insurer employs approximately 1,400 people in Harrisburg in support of her belief that she will not be able to get an impartial jury in the Middle District. (*See* Pl.'s Resp. at 5–8.) Plaintiffs routinely receive fair trials against defendants which employ a large number of persons located in the forum and any potential bias will be addressed through normal *voir dire*.

*See Lamusta v. Lawson Mardon Wheaton, Inc.*, No. 99-3931, 2000 WL 274013, at *3 (E.D. Pa. Mar. 13, 2000) (rejecting plaintiff's claim that she would not receive a fair trial in defendant's venue of residence because it was a "major employer there" and the press published articles on the restructuring that resulted in her termination).

B

The applicable public interest factors also weigh in favor of transfer. As previously stated, all of the parties and likely witnesses reside in the Middle District or central Pennsylvania. It is thus more practical for all involved to litigate the case there. While the congestion of the courts' dockets weighs slightly against transfer,[2] the Middle District has a substantially greater interest in this case. "[C]ontroversies relating to employment discrimination claims are precisely the sort of disputes to which the local community interests referenced in *Jumara* attach." *Peikin*, 576 F. Supp. 2d at 661 (D.N.J. 2008). This case has no relation to the Eastern District, other than the fact that the plaintiff's lawyer lives here.

The balance of the applicable private and public interest factors weigh in favor of transfer to the Middle District of Pennsylvania where "litigation would more conveniently proceed and the interests of justice would be better served." *Jumara*, 55 F.3d at 879.

---

[2]     Although the Eastern District had more total filings last year (7,525 to 2,413), the Middle District had more pending cases per judge (627 to 351) and a longer median time from filing to disposition in civil cases (9.9 months to 5.7 months) than the Eastern District. *See Federal Judicial Caseload Statistics: Civil Cases Filed, Terminated, and Pending*, Table C, *available at* http://www.uscourts.gov/sites/default/filed/data_tables/stfj_c_630.2017.pdf (last visited Feb. 14, 2018); *Federal Court Management Statistics: United States District Courts–National Judicial Caseload Profile, available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2017.pdf (last visited Feb. 14, 2018); *Federal Court Management Statistics: United States District Courts–Median Time Intervals from Filing to Disposition in Civil Cases*, Table C-5, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c5_0331.2017.pdf (last visited Feb. 14, 2018).

An appropriate Order follows.

BY THE COURT:

**_/s/ Gerald J. Pappert_**
GERALD J. PAPPERT, J.